UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| LINDSEY TAYLOR, *on behalf of* William Charles Dunn,  Petitioner, vs. WARDEN, BUTLER COUNTY JAIL,  Respondent. | Case No. 1:25-cv-691  District Judge Jeffery P. Hopkins Magistrate Judge Kimberly A. Jolson |

## REPORT AND RECOMMENDATION

Petitioner, William Charles Dunn, has filed a 28 U.S.C. § 2241 Petition for Habeas Corpus through a putative "next friend," Lindsey Taylor. (Doc. 1). The Petition concerns a criminal action pending in the Butler County Court of Common Pleas under Case No. CR 2024 06 0909. (*See id.*).[1] But Petitioner failed to sign the Petition as required by Fed. R. Civ. P. 11, and it was not established that Lindsey Taylor was a licensed attorney or met the requirements for "next friend" standing under 28 U.S.C. § 2242. Nor was it established that the Court should intervene in the underlying criminal matter given that abstention principles caution federal courts against exercising jurisdiction in cases where they are asked to enjoin state proceedings. *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under these circumstances, the Court entered a Deficiency Order on October 2, 2025, directing Petitioner to show cause within 30 days why this case should not be dismissed without prejudice. (Doc. 3). The Court also directed Petitioner to submit a signed copy

---

[1] The docket record in Petitioner's underlying criminal case can be viewed at: https://clerkservices.bcohio.gov/eservices/searchresults.page?x=4Saq5ZJWizdxMtEsefSeRbFUCPVgTSizLbMl*aY6ibCVQNvFHPhQwNCiMpmmDroOQzn0xkKZVp7Kw5QQ0qAAhw (searched under Petitioner's name and case number). *See Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004) (courts may take judicial notice of state court records available online to the public) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

of the Petition. (*Id.* at PageID 19). Petitioner was warned that his failure to comply with the Order could result in the dismissal of this case for want of prosecution. (*Id.*).

At this time, more than 30 days after the Court entered the October 2, 2025 Order, Petitioner has not responded or returned a signed Petition. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, which applies to § 2241 petitions under Rule 1(b).

Accordingly, because Petitioner has failed to comply with the Deficiency Order issued on October 2, 2025, and Ms. Taylor has failed to explain why he is unable to do so, it is hereby **RECOMMENDED** that this matter be **DISMISSED without prejudice** for failure to prosecute.

**IT IS SO RECOMMENDED.**

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 12, 2025                             /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              United States Magistrate Judge